NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30402
31-AUG-2011
08:27 AM**

NO. 30402

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JOHN E. ROBINS, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0014 (CR. NO. 02-1-0671))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)


Petitioner-Appellant John E. Robins (Robins) appeals from the "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief (Rule 40, *HRPP*)" (Order Denying Petition), which was filed on February 23, 2010 in the Circuit Court of the First Circuit (Circuit Court).[1]  We affirm.

I.

In his underlying criminal case (Cr. No. 02-1-0671), Robins pleaded guilty to the following charges: (1) place to keep loaded firearm (Count 1); (2) felon in possession of a firearm (Count 2); (3) possession of a prohibited firearm (Count 3); (4) promoting a dangerous drug in the third degree (Count 4); and (5)

_____

[1] The Honorable Michael A. Town presided.

unlawful use of drug paraphernalia (Counts 5 and 6). On August 26, 2003, Robins was sentenced to extended twenty-year terms of imprisonment on Counts 1 and 2, with a mandatory minimum term of five years as a repeat offender on Counts 1 and 2; extended ten-year terms of imprisonment on Counts 3 and 4, with a mandatory minimum term of five years as a repeat offender on Counts 3 and 4; and regular five-year terms of imprisonment on Counts 5 and 6. These sentences were imposed concurrently with each other and with sentences imposed in other criminal cases. The Circuit Court's Judgment was filed on August 26, 2003, and its order granting the prosecution's motion for extended terms of imprisonment was filed on September 2, 2003. Robins did not file a direct appeal of the convictions or sentences imposed in his underlying criminal case.

On April 11, 2008, Robins filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition). On February 23, 2010, the Circuit Court issued its Order Denying Petition, which denied Robins's Petition without a hearing pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40(f) (2006).

II.

On appeal, Robins argues that the Circuit Court erred in denying his Petition because his extended term sentences are invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000). We disagree.

Upon review of the record and the briefs submitted by the parties, we resolve the issue Robins raises on appeal as follows:

1. Robins did not file a direct appeal from his convictions or sentences in Cr. No. 02-1-0671, which became final by October 2003. See Loher v. State, 118 Hawai'i 522, 535 n.13, 193 P.3d 438, 451 n.13 (App. 2008). Prior to its 2007 decision in State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007) (hereinafter, "Maugaotega II"), the Hawai'i Supreme Court had steadfastly held that Hawai'i's extended term sentencing scheme

comported with Apprendi. See Maugaotega II, 115 Hawai'i at 437-42, 168 P.3d at 567-72; Loher, 118 Hawai'i at 536, 193 P.3d at 452. Accordingly, Robins's extended term sentences complied with Apprendi, as it was then interpreted by controlling precedent of the Hawai'i Supreme Court, at the time Robins's extended term sentences were imposed and when his convictions and sentences became final. See Maugaotega II, 115 Hawai'i at 437-42, 168 P.3d at 567-72; Loher, 118 Hawai'i at 536, 193 P.3d at 452. Therefore, Robins cannot challenge his extended term sentences based on Apprendi. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005) (evaluating Apprendi claim within the retroactivity framework set forth in the United States Supreme Court's decision in Teague v. Lane, 489 U.S. 288 (1989)); Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54.

2. In essence, Robins seeks to retroactively apply Maugaotega II to invalidate his extended term sentences. However, Maugaotega II does not apply retroactively to Robins's collateral attack of his extended term sentences. See Gomes, 107 Hawai'i at 312-14, 113 P.3d at 188-90; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54; United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005).

III.

We affirm the Order Denying Petition that was filed by the Circuit Court on February 23, 2010.

DATED: August 31, 2011, at Honolulu, Hawai'i.

On the briefs:

Keith S. Shigetomi
for Petitioner-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Resopndent-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

3